GARY HARRE, ESQ. (BAR NO. 86938)
GLOBAL CAPITAL LAW, P.C.
17111 BEACH BLVD, STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 907-4182
EMAIL: GHCMECF@GMAIL.COM

ATTORNEY FOR DEBTOR, RICHARD HANEY

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re | ) **Case No.  8:10-BK-27347-RK** |
| | ) |
| HANEY, RICHARD | ) **MOTION FOR VALUATION OF** |
| | ) **DEBTOR'S RESIDENCE AND** |
| Debtor, | ) **AVOIDANCE OF TRUST DEED LIEN** |
| | ) **AGAINST SUCH RESIDENCE, WITH** |
| | ) **MEMORANDUM OF POINSTS AND** |
| | ) **AUTHORITIES.** |
| | ) |
| | ) **11 U.S.C. §§506 & 1322** |
| | ) |
| | ) **DATE: FEB 10, 2011** |
| | ) **TIME: 3:00 PM** |
| | ) **DEPT: 5D** |
| | ) |

TO THE HONORABLE UNTIED STATES BANKRUPTCY JUDGE, CHAPTER 13

TRUSTEE AND ALL INTERESTED PARTIES:

Debtor Haney hereby move this Court to value their primary residence real

property located at 917 S. Emanuelle Circle, CA 92808, hereinafter sometimes

referred to as "Debtors' residence", at $550,000 or less and to either (1) allow

Debtor to avoid the 2nd trust deed lien against said Residence held by First

Franklin Loan Servicing on behalf of unknown lender under their Chapter 13

Plan pursuant to 11 USC §506 and 11 USC § 1322(b) and other applicable

authority to or, in the alternative, (2) to determine that said lien is void pursuant

to 11 USC §506(a) and (b) and other applicable authority.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This motion is based upon this Motion, the Memorandum of Points and Authorities incorporated herein, the Declaration of Debtor Haney Richard filed herewith, the Declaration of Gary Harre filed herewith, all documents filed in this Bankruptcy case, and upon all such oral and documentary evidence, points and authorities as may be properly presented or filed in support hereof.

## MEMORANDUM OF POINTS AND AUTHORITIES

### FACTUAL BACKGROUND

1.      Prior to 2009 Debtor had never been a debtor in a bankruptcy proceeding. On 1/28/10 Debtor filed case # 8:10-bk-11077-TA in this Court and duly received a discharge of all their dischargeable debts on 06/04/2010. One of the debts scheduled and discharged in said proceeding was the subject loan from First Franklin Loan Servicing in the approximate amount of $66,718 ostensibly secured by a 2nd trust deed against Debtors' home at 917 S. Emanuelle Circle, Anaheim, California, hereinafter sometimes referred to as the "subject lien".

2.      On 12/08/2010, after receipt of the 06/04/2010 discharge in the chapter 7, Debtor filed this Chapter 13 case and listed on Schedule A of the Schedules herein their sole residence, being a single family residence real property located at 917 S. Emanuelle Circle, Anaheim, California 92808 referenced above as Debtor's residence. Said Schedule A reflected the market value of said residence at $550,000. On Schedule D of said Schedules Debtor indicated that as of the 12/08/10 case filing date said residence was encumbered by a disputed 1st trust deed lien in favor of Wells Fargo, NA on behalf of the certificate holders of securitized asset backed receivables LLC, First Franklin Mortgage Loan Trust 2004-FF8 mortgage pass-through certificates series 2004-FF8 (herein referred to as "Wells Fargo") in an amount of $625,454. Wells Fargo did not file a Proof of Claim herein as of the 12/08/10 Petition date. On said Schedule D Debtor also listed First Franklin Loan Servicing as a

MOTION FOR VALUATION OF DEBTOR'S RESIDENCE AND AVOIDANCE OF TRUST DEED LIEN AGAINST SUCH RESIDENCE, WITH MEMORANDUM OF POINSTS AND AUTHORITIES.

claimant with a lien against Debtors' residence and indicated that as of the 12/08/10 Petition date there was no debt owed to such creditor, either secured or unsecured, and that such claimant held a "lien on property only - no debt". A copy of said Schedule D is attached as Exhibit A to the Declaration of Debtor filed herewith.

On Schedule E of the Schedules herein Debtor lists no priority claimants. On Schedule F of the Schedules herein Debtor lists three unsecured claimants.

3.     A meeting of creditors pursuant to B.K. Code §341(a) is scheduled for 01/18/11.

### JURISDICTION, VENUE AND APPLICATION

4.     This Court has jurisdiction to entertain and grant this Motion pursuant to 28 USC §1334 in that this proceeding arises from and is related to the above-captioned bankruptcy proceeding under Title 11 of the U.S. Code. This Court has personal jurisdiction to hear this case pursuant to 28 USC § 1334 and has subject matter jurisdiction pursuant to 28 USC § 157(b)(2). This Court also has jurisdiction pursuant to 28 USC §1331 due to the federal subject matter covered by 11 USC §§ 506, 1322 and/or 1327. Venue is in this district pursuant to 11 USC §1391(b). This is a core proceeding under the U.S. Bankruptcy Code.

5.     The facts and arguments set forth herein are for purposes of this motion only and are submitted without prejudice to any future claims and/or defenses Debtor may discover and bring as further facts develop or are discovered, proofs of claims are reviewed, further investigation takes place and/or additional authorities are created or are discovered.

### ARGUMENT

6.     When a home loan is obtained the lender receives two distinct rights - the right to collect the unpaid debt from the borrower, known as the borrower's "in personam" liability or "debt" and the right to seek recovery of the loan from

the securing property itself, known as the "in rem" liability, or "secured lien". When such a borrower files bankruptcy said lender has two potential portions to their claim - an in personam/debt portion allowing the lender to seek repayment from the borrower and an in rem/secured lien portion of their claim allowing the lender to maintain a secured interest in the subject property and to seek repayment by foreclosing such secured interest.

7.      Federal Rule of Bankruptcy Procedure 3012 provides that "The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the Court may direct."  This Court has jurisdiction to determine the value of the subject residence and the claims of the creditors holding liens against said residence as well as the secured status of each such claimant.

8.      11 USC §506 provides, in relevant parts, "(a)(1) **An allowed claim** of a creditor secured by a lien on real property in which the estate has an interest … **is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, … and is an unsecured claim to the extent that the value of such creditor's interest … is less than the amount of such allowed claim.**", "**Such value shall be determined in light of** the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on **a plan affecting such creditor's interest.**" and "(d) **To the extent that a lien secures a claim** against the debtor **that is not an allowed secured claim, such lien is void**, unless … (describing two exceptions not applicable herein)." (emphasis added)

As shown by the Declaration of Debtor filed herewith and the appraisal and other exhibits thereto the value of Debtor's residence as of the 12/08/10 Petition

date herein was $550,000 at most, the amount due to the holder of the disputed

1st TD lien of Wells Fargo as of such date was at least $625,454. As also shown

by said Declaration, the disputed lien held by claimant Wells Fargo was assigned

and recorded with the Orange County Recorder on or about 3/10/10 and the

subject lien held by claimant First Franklin Loan Servicing was granted and

recorded with said Recorder as junior to Wells Fargo lien. Given these facts it is

clear that the subject lien of First Franklin Loan Servicing, ostensibly secured by

a 2nd trust deed against Debtors' residence, is totally unsecured pursuant to 11

USC §506(a).

   9.     11 USC § 1322(b) provides, in relevant part, that a Chapter 13 Plan

may "(2) modify the rights of holders of secured claims, other than a claim

secured only by a security interest in real property that is the debtor's principal

residence, or the holders of unsecured claims, or leave unaffected the rights of

holders of any class of claims; ... ".

   10.    Applicable bankruptcy law provides that if the Court determines that

a creditor ostensibly secured by a debtor's primary residence is in fact totally

unsecured because the estate's interest in such residence is less than the total of

the senior liens secured by such property the Court may modify the interests of

such creditor despite the language of 11 USC § 1322(b) and, if applicable, such

creditor shall be treated as an unsecured creditor for Chapter 13 Plan purposes.

Please see *In Re Zimmer* (2002) (9th Cir.) 313 F.3d 1220 at 1222-1227, *In Re

Geyer* (1996) 203 B.R. 726 at 729 and *In re Millspaugh* (2003) 302 B.R. 90 at 96.

In this case, however, due to the discharge of the "in personam" or debt portion

of First Franklin Loan Servicing subject claim in Debtor's chapter 7 proceeding,

claimant First Franklin Loan Servicing no longer has either an in personam claim

or an unsecured claim in this proceeding and therefore will not be treated as an

unsecured creditor in Debtor's Chapter 13 Plan herein. The effect of the

MOTION FOR VALUATION OF DEBTOR'S RESIDENCE AND AVOIDANCE OF TRUST DEED LIEN AGAINST SUCH RESIDENCE,
WITH MEMORANDUM OF POINSTS AND AUTHORITIES.

discharge in debtor's prior Chapter 7 was to eliminate the in personam portion of First Franklin Loan Servicing claim. The effect of any requested lien strip pursuant to this motion will be to eliminate the in rem portion of First Franklin Loan Servicing claim.

It must be remembered that the wording of 11 USC §506(a) does not create any claim which did not exist prior to the determination of value of the ostensible security for such claim. Rather, §506(a) refers to "an allowed claim" and presumes that a valid allowable claim exists and that §506(a) will merely be used to determine how much (if any) of such claim would be deemed "secured" (in rem secured lien) and how much" unsecured" (in personam debt) for bankruptcy purposes. In cases such as this where the subject creditor holds no in personam claim due to the prior Chapter 7 discharge thereof and holds only an ostensible claim against real property in the form of an in rem secured lien claim against such real property such creditor is left with no allowable claim at all if such lien is stripped from the property. Although Debtor's counsel would normally not refer to an unpublished decision Debtor does request that this Court take judicial notice of the "Written Decision - For Publication" entered by Judge Margaret M. Mann in case #09-19516-MM13, concerning effect of a prior discharge of the in personam portion of a potential claim coupled with the determination that the in rem portion of such claim is valueless and therefore subject to being stripped off. A copy of such decision is attached hereto as Exhibit A and incorporated herein by this reference. Such case is not cited as binding authority on this Court but merely as a well-reasoned decision addressing the referenced issues. The end result of such discharge coupled with any such lien strip in a case such as this case is that the claimant really has no allowable claim at all and is not entitled to be paid via the Chapter 13 plan.

11.    In this case Debtor has made it clear from the Schedule D and from the proposed Plan that they do not believe claimant First Franklin Loan Servicing has an allowable claim (secured or unsecured) or entitled to any Plan payments in this proceeding.

12.    In the event Debtor needs to file an objection to First Franklin Loan Servicing's filed claim he will do so. It would seem, however, that this Court should be in a position to determine that there is no allowable secured claim and no allowable unsecured claim as a result of this motion and to make an appropriate ruling which will obviate the need for any objection to claim procedure.

13.    The above analysis relies upon 11 U.S.C. §§506 and 1322 and the provisions of Debtor's plan to strip off the subject First Franklin Loan Servicing lien. An additional ground exists, however, to strip such lien. As noted above 11 USC §506(d) provides, in relevant part, that "**To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void**, unless ... (describing two exceptions not applicable herein)." (emphasis added). Once this Court determines pursuant to 11 USC §506(a) and the facts herein that First Franklin Loan Servicing's claim is not an allowable secured claim because it is wholly unsecured the Court should make findings and an order to the effect that any alleged First Franklin Loan Servicing lien is void. This, coupled with Debtor's discharge of the in personam debt portion of such claim in their prior chapter 7 will lead to almost the same result as using the above-described §506(a), §1322, Plan provisions and case law thereunder with one important difference. Such difference is that when a lien is stripped pursuant to §506(a), §1322, and Plan provisions 11 USC §1328 provides that if the debtor's case is dismissed due, for example, to debtor's failure to complete his payments under his confirmed Chapter 13 Plan the subject lien will re-attach to the subject

1  property upon case dismissal whereas when a lien is stripped pursuant to 11

2  USC §§506(a) and 506(b) such strip is effective immediately and does not re-

3  attach to the subject property in the event Debtor's case is dismissed prior to his

4  completion of his confirmed Plan.

5      The Court in *In Re Fuller* (2000) 255 B.R. 300 held, at page 306, that in the

6  case of a totally unsecured lien claimant "It is the inevitable byproduct of the

7  Section 506(a) valuation process. Rule 3012 permits a secured claim to be valued

8  through general motion practice. Once the value of the secured claim is

9  determined, the attendant lien is automatically 'stripped'.  No further proceeding,

10 either by motion or complaint, is required."

11     Judge Adler ruled in *In Re Geyer* ((1996) 203 BR 726 at 729-730 as follows:

12 The court holds that the term 'secured claim' as used in 1322(b)(2) has the same

13 meaning as the term 'secured claim' in section 506(a). Unless there is some

14 equity to which the creditor's lien attaches, there is no allowed secured claim and

15 no entitlement to the protections against modification contained in section

16 1322(b)(2). **A chapter 13 debtor may "strip off a lien on his or her primary**

17 **residence under the plan or under section 506(d) where the lien holder's**

18 **interest is totally unsecured."** (emphasis added).

19     In this case Debtor requests that once this Court determines that the claim

20 of First Franklin Loan Servicing is totally unsecured via §506(a) that it enter an

21 order to the effect that said lien is stripped as of the date of such order and that

22 such lien strip is not dependent upon Debtor completing their proposed Plan

23 herein.

24 //

25 //

26 //

27 //

28

MOTION FOR VALUATION OF DEBTOR'S RESIDENCE AND AVOIDANCE OF TRUST DEED LIEN AGAINST SUCH RESIDENCE,
WITH MEMORANDUM OF POINTS AND AUTHORITIES.

**CONCLUSION AND REQUEST**

14.    In this case the Court should (1) determine that creditor First Franklin Loan Servicing is wholly unsecured for purposes relevant to this motion and therefore has no allowable secured claim herein, (2) strip off and void the 2nd TD held by said Creditor against Debtor's residence pursuant to 11 USC §§506(a), 506(b) and all other applicable code provisions and case law and (3) determine that First Franklin Loan Servicing has no unsecured claim herein due to the prior discharge thereof and that such creditor shall receive no payments via Debtor's Plan herein. Debtors also request all other relief the Court finds appropriate. Such is the primary relief requested by Debtor herein.

In the event the court is unable to grant such requested primary relief Debtors request that the Court (1) determine that creditor First Franklin Loan Servicing is wholly unsecured for purposes relevant to this motion and therefore has no allowable secured claim herein, (2) strip off and void the 2nd T.D. held by said Creditor against Debtor's residence pursuant to 11 USC §506(a), 11 USC §1322, the provisions of Debtor's proposed chapter 13 Plan and all other applicable code provisions and case law and (3) determine that First Franklin Loan Servicing has no unsecured claim herein due to the prior discharge thereof and that such creditor shall receive no payments via Debtor's Plan herein.

DATED: 1/9/2011                                    Respectfully Submitted;

Gary Harre, Esq.
Attorney for Debtor

MOTION FOR VALUATION OF DEBTOR'S RESIDENCE AND AVOIDANCE OF TRUST DEED LIEN AGAINST SUCH RESIDENCE, WITH MEMORANDUM OF POINSTS AND AUTHORITIES.